IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES L. JEFFERSON,

        Plaintiff,                       No. CIV S-09-0860 MCE KJM P

    vs.

AGURRIE, et al.,

        Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He alleges that defendants destroyed or deprived him of his personal property. He also alleges that defendants falsified a serial number related to his property.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff alleges that defendants Fowler and Gonoza destroyed his radio and a fan. He also alleges that defendant Agurrie took his walkman radio.  Even if true, these allegations are not actionable in federal court.  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31(1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113,

128 (1990). California law provides such an adequate post-deprivation remedy. See <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir.1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegation of deprivation of property thus fails to state a cognizable claim under the civil rights act and should be dismissed with prejudice.

Plaintiff also alleges that defendants Fowler and Gonoza "put down a false serial number to falsify my property...." Complaint, para. IV. This claim is stated too vaguely for the court to determine if it is frivolous or fails to state a claim on which relief could be granted. Furthermore, the falsification of documents generally will not state a claim under the civil rights act as long as the inmate receives a hearing and is able to challenge the allegedly false document or report. See <u>Clinton v. California Dep't of Corrections</u>, 2007 WL 1345603, at 7 (E.D.Cal. 2007)(vacated in part on other grounds). As noted above, the only hearing to which the plaintiff is now entitled occurs under state law. His complaint does not mention whether he is challenging the alleged falsification of a record concerning his property, but it does say that the state law process for challenging the deprivation of his property is not complete. See Complaint, para. III.B (stating that plaintiff has no additional defendants to name "until the 602 is over"). Since plaintiff has not yet exhausted his state remedies, his claim that defendants falsified a serial number should be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. With respect to the claim for destruction or taking of property, this action be dismissed with prejudice.

2. With respect to the claim for falsification of a serial number, this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

3

1  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).
4  DATED: August 24, 2009.

_____
U.S. MAGISTRATE JUDGE

4
jeff0860.56